UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MICHAEL J. MORRISON and
DANA HARVEY, on behalf of
themselves and all others similarly
situated,**

    *Plaintiffs*,

v.                                                                             **Case No. SA-20-CV-0480-JKP-RBF**

**MARATHON PETROLEUM
COMPANY, LP, et al.,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is *Defendants' Motion to Dismiss Plaintiffs' Amended Complaint* (ECF No. 11). Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants seek to dismiss Plaintiffs' claims. With the filing of Plaintiffs' response (ECF No. 18) and Defendants' reply brief (ECF No. 24), the motion is ripe and ready for ruling. After considering the motion, other briefing, pleadings, and applicable law, the Court grants the motion in part as stated herein.

### I. BACKGROUND[1]

In May 2020, Plaintiffs filed a First Amended Class Action Complaint (ECF No. 3). This action arises out of Defendant Marathon Petroleum Company LP's ("Marathon") alleged breach of Defendant Andeavor LLC's ("Andeavor") 2018 Incentive Compensation Program ("ICP"). *ECF No. 3* ¶ 1. Marathon agreed to pay full non-prorated ICP bonuses to eligible employees who were terminated after its acquisition of Andeavor in 2018. *See id.* Plaintiffs further allege that despite amending the ICP in writing and orally, Marathon has refused to pay the bonuses. *Id.*

---

[1] The background is taken from Plaintiffs' allegations, which the Court views in a light most favorable to Plaintiffs consistent with the standards for motions to dismiss.

Plaintiffs assert diversity jurisdiction. *See id*. ¶ 8. They provide numerous factual allegations to support their claims. *See id*. ¶¶ 10-34.They claim that Marathon breached agreements with Plaintiffs by failing to pay full bonuses in 2018. *See id*. ¶¶ 50-54. They seek a declaratory judgment related to the class and their claims. *See id*. ¶¶ 55-56. They also seek specific performance by defendants to comply with the agreements to pay the bonuses. *See id*. ¶¶ 57-60.

Defendants have moved to dismiss all claims on grounds that (1) Plaintiffs have not alleged a plausible claim for breach of contract; (2) Plaintiffs have not pled facts to support an amendment to provide for non-prorated bonuses; (3) the statute of frauds bars any oral amendment; and (4) the alleged breach is foreclosed because any amendment is subject to the sole discretion of defendants. Mot. at 8-16. They also seek dismissal of Plaintiffs' claims for declaratory judgment on grounds that the claim merely duplicates the breach-of-contract claim. *Id*. at 18. In addition, they seek dismissal of the claim for specific performance based on Texas law that requires litigants to choose between monetary damages and specific performance. *Id*. at 19.

Plaintiffs oppose the motion while acknowledging that their claims for declaratory judgment and specific performance are merely alternative to and not in addition to their claim for breach of contract. And with the filing of Defendants' reply brief, the motion became ripe for ruling.

## II. APPLICABLE LAW

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *accord Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Because jurisdiction in this case is based on diversity of citizenship, the Court must "apply Texas law." *Ocwen Loan Servicing, LLC v. Berry*, 852 F.3d 469, 473 (5th Cir. 2017).

"When reviewing issues of state law, federal courts look to the law of that state's highest court." *City of Alexandria v. Brown*, 740 F.3d 339, 351 (5th Cir. 2014). Absent a final decision by the Texas Supreme Court that "'precisely' resolves the legal issue, federal courts "must make an *Erie* guess and determine as best [they] can what the Supreme Court of Texas would decide." *Martinez v. Walgreen Co.*, 935 F.3d 396, 398 (5th Cir. 2019) (citation omitted). When compelled to make an *Erie* guess, federal courts "defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise." *Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008) (citations and internal quotation marks omitted). The federal courts not only look to the intermediate state appellate decisions, but also to "the general rule on the issue, decisions from other jurisdictions, and general policy concerns." *Martinez*, 935 F.3d at 398 (citation omitted).

### III. MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants seek dismissal of Plaintiffs' claims based on insufficient factual allegations, application of asserted defenses, and for the claims for declaratory judgment and specific performance, specifically supported legal principles. Under Rule 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In general, a court addressing a motion under Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). But when a pleading references

3

documents that are central to a claim, the Court may consider such documents if attached to the motion to dismiss. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). "A document is central to a claim when it is 'necessary to establish an element' of the claim." *Pylant v. Cuba*, No. 3:14-CV-0745-P, 2015 WL 12753669, at *2 (N.D. Tex. Mar. 6, 2015) (quoting *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011)). However, "if the operative pleading references a document that 'is merely evidence of an element' of a claim, the courts do not incorporate it into the pleading." *Id.* (same). Additionally, the Court may take judicial notice of matters of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

Furthermore, when ruling on a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009). Despite the natural focus on the allegations of the operative pleading, the party moving for dismissal under Rule 12(b)(6) "carries the burden of proof for dismissal." *Newton v. Bank of Am., N.A.*, No. CV SA-19-CA-797-FB, 2019 WL 6048000, at *2 (W.D. Tex. Aug. 29, 2019). Courts, furthermore, may find conclusory statements insufficient to support dismissal under Rule 12(b)(6), especially when the movant disregards relevant portions of the operative pleading. *See #1 Fan Co., LLC v. Pepco Licensed Prod., Inc.*, No. SA-09-CA-1029-FB, 2011 WL 13269165, at *2 (W.D. Tex. Mar. 16, 2011).

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). Nevertheless, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must

4

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). As *Twombly* states, to avoid dismissal under Rule 12(b)(6), plaintiffs must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." 550 U.S. at 570. The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Id.* at 563 n.8.

Further, while asserted defenses may support dismissal under Rule 12(b)(6), they only do so when the operative "pleading conclusively establishes the affirmative defense." *Reagan v. U.S. Bank, Nat. Ass'n*, No. CIV.A. H-13-00043, 2013 WL 510154, at *2 (S.D. Tex. Feb. 12, 2013) (addressing res judicata defense). And, although defendants may raise defenses through a motion to dismiss under Rule 12(b)(6), the courts view them through the standards applicable to such motions.

First, Defendants attach five exhibits (exceeding four hundred pages) to their motion: (A) the ICP, (B) Merger Agreement, (C) Executive Severance & Benefit Treatment Guide, (D) a public filing with the Securities and Exchange Commission, and (E) a 2018 Incentive Compensation Statement. Plaintiffs have not objected to their consideration, their relevance, or their centrality to their claims. Nor have they objected that the purported public documents are not subject to judicial

5

notice. Although Plaintiffs did not provide these documents, Defendants properly attached them to their motion to dismiss and there is no need to treat the motion to dismiss as one for summary judgment due to the attached exhibits.

But regardless of the attached exhibits, Plaintiffs' breach-of-contract claim satisfies the well-established standards for stating a claim set out in *Twombly* and *Iqbal*. Furthermore, the Court finds that Defendants have argued no defense in their motion that is conclusively established by the operative pleading. Thus, no asserted defense warrants granting any part of the motion to dismiss regarding the breach-of-contract claim.

Plaintiffs acknowledge that they assert a single claim in this action (breach of contract) and that their claims for declaratory judgment and specific performance are not in addition to that claim but are merely asserted in the alternative. *See* Resp. at 8. The Federal Rules of Civil Procedure permit alternative demands for relief. *See* Fed. R. Civ. P. 8(a)(3) (requiring "a demand for relief sought, which may include relief in the alternative or different types of relief"). But Plaintiffs present declaratory judgment and specific performance as additional claims for relief, separate and apart from their claim for breach of contract. *See ECF No. 3* at 13-14. Only after Defendants moved for dismissal of such claims did Plaintiffs characterize their Second and Third Claims for Relief as alternative to their breach-of-contract claim. *See* Resp. at 8. And even then, Plaintiffs do not fully acknowledge that declaratory judgment and specific performance are merely forms of relief sought, rather than claims asserted. *See id*.

Rule 12(b)(6) does not appear to contemplate motions to dismiss specific types of relief. It instead provides a means for litigants to move for dismissal of an action or claims for the "failure to state a claim upon which relief can be granted." The relief sought can certainly bear on whether a party has stated a claim – in that, if all relief sought, is unavailable for a specific claim, then that

claim may fail under Rule 12(b)(6). But, in general, when a party requests alternate relief on the same underlying claim, the unavailability of one type of relief should not garner a motion to dismiss under Rule 12(b)(6). And such a motion could face a summary denial.

However, in this case, Plaintiffs drafted their pleading with declaratory judgment and specific performance as separate claims, in addition to their breach-of-contract claim. Although Plaintiffs' breach-of-contract claim survives dismissal, Defendants have provided legally supported reasons for dismissing Plaintiffs' alternate relief for declaratory judgment and specific performance. While, in general, the Court sees no harm in allowing alternative relief to proceed beyond a motion to dismiss, the Court agrees with the well-reasoned decisions from our sister court in the Northern District of Texas that, declaratory relief is discretionary relief that "need not be permitted" when it "adds nothing to an existing lawsuit." *Cypress/Spanish Ft. I, L.P. v. Pro. Serv. Indus., Inc.*, 814 F. Supp. 2d 698, 710 (N.D. Tex. 2011); *accord Landscape Design and Constr., Inc. v. Transport Leasing/Contract, Inc.*, No. 3:00-CV-906-D, 2002 WL 257573, at *10 (N.D. Tex. Feb. 19, 2002) (discussing discretionary nature of declaratory relief). Consequently, under the circumstances here, the Court exercises its discretion and dismisses the requested declaratory judgment as adding nothing to this case beyond what is already placed at issue by the breach-of-contract claim. To the extent, Plaintiffs seek a declaration regarding class counsel and other class matters, such matters can be pursued through Fed. R. Civ. P. 23 or other channels directly applicable to class action litigation.

Similarly, the Court dismisses the request for specific performance. Under Texas law, "[s]pecific performance is an equitable remedy that may be awarded for a breach of contract," but parties suing for breach of contract "must elect to sue either for money damages or specific performance." *Goldman v. Olmstead*, 414 S.W.3d 346, 361 (Tex. App. – Dallas 2013, pet. denied).

7

"Recovering economic damages for breach of contract and obtaining specific performance of a contract are inconsistent, alternative theories for relief." *Scott Pelley P.C. v. Wynne*, No. 05-15-01560-CV, 2017 WL 3699823, at *14 (Tex. App. – Dallas Aug. 28, 2017, pet. denied). In this case, Plaintiffs seek monetary damages from the breach of contract and their requested specific performance is that they be paid their non-prorated bonuses. Because Plaintiffs have elected to sue for money damages there is no basis for specific performance under Texas law.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** *Defendants' Motion to Dismiss Plaintiffs' Amended Complaint* (ECF No. 11). As stated herein, the Court grants the motion as to Plaintiffs' claims for declaratory judgment and specific performance. It otherwise denies the motion. Plaintiffs have stated a plausible breach-of-contract claim and that claim survives the motion to dismiss.

**IT is so ORDERED.**

**SIGNED this 3rd day of May 2021.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**