IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J. MORRISON AND DANA HARVEY, On behalf of themselves and all others similarly situated<br><br>*Plaintiffs,*<br><br>v.<br><br>MARATHON PETROLEUM COMPANY LP, ANDEAVOR LLC, & MAHI LLC<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. SA-20-CV-0480-JKP-RBF |

**ORDER AND FINAL JUDGMENT GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS AND GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES**

BEFORE THE COURT are Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds, submitted by Class Representatives Michael J. Morrison and Dana Harvey ("Plaintiffs" or "Class Representatives"), individually, and on behalf of all Settlement Class Members pursuant to Federal Rule of Civil Procedure 23 and Class Counsel's Motion for Attorneys' Fees and Expenses. Doc. Nos. 68, 69. A Fairness Hearing was held on February 15, 2022.

Having considered both Motions, the submissions of the Parties relating to the settlement, any objections, the arguments of counsel at the Final Fairness Hearing as well as the pleadings and papers on file herein, the Court hereby makes the following findings and orders and **GRANTS** Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds and **GRANTS** Class Counsel's Motion for Attorneys' Fees and Expenses.

1. The Court has personal jurisdiction over Plaintiffs, all Members of the Settlement Class, Marathon Petroleum Company LP, Andeavor LLC, and Mahi LLC, and the Court has subject

matter jurisdiction to approve the Settlement Agreement.

2. **Settlement Agreement.** The Settlement Agreement that was submitted with the Plaintiffs' Motion for Preliminary Approval (Doc. No. 66); the Exhibits to the Settlement Agreement; and the definitions of words and terms contained in the Settlement Agreement are incorporated in this Final Approval Order and Judgment.

3. **Preliminary Approval Order.** On October 8, 2021, the Court entered an Order Granting Plaintiffs' Motion for Preliminary Approval (Doc. No. 67) ("Preliminary Approval Order"). The proposed settlement set forth in the Parties' Settlement Agreement was preliminarily approved, pending the Final Fairness Hearing. The Court also (a) conditionally certified the Settlement Class for settlement purposes; (b) approved the form of and method of distribution of the Notice to the Settlement Class; (c) appointed Michael Morrison and Dana Harvey as Class Representatives for the Settlement Class; (d) appointed Scott J. Stitt of Tucker Ellis LLP as Class Counsel for the Settlement Class; and (e) appointed Kroll LLC as Settlement Administrator. The terms of and findings made in the Preliminary Approval Order are adopted and incorporated into this Order.

4. **Final Class Certification for Settlement Purposes**. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finally certifies, for settlement purposes only, the following class, to be known as the "Settlement Class:"

> The class of individuals who Defendants' records indicate worked for Andeavor in 2018, were eligible for a 2019 bonus payment under Andeavor's 2018 ICP, were terminated without cause after Andeavor's merger with Marathon on October 1, 2018 but before December 31, 2018, and to whom Defendants paid a prorated 2018 ICP bonus based on eligible earnings through date of termination.

Excluded from the Settlement Class are: Defendants' officers and directors; Judge Jason K. Pulliam and his court staff; and all individuals who have filed lawsuits about and released Defendants from claims relating to the Andeavor 2018 ICP.

5. **Prerequisites for Class Action.** Solely for the purposes of settlement, the Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) are satisfied for the following reasons: (a) the Settlement Class appears so numerous that joinder of all members is impracticable; (b) there appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the settlement should be approved; (c) the Class Representatives' claims are typical of the claims of the Settlement Class; and (d) the Class Representatives and Class Counsel appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement.

6. **Rule 23(b)(3) Class Action.** Solely for settlement purposes, the Court finds that this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because: (a) common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class; and (b) certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of members of the Settlement Class.

7. **Notice of Class Action Settlement to the Settlement Class**. Pursuant to the Preliminary Approval Order and the Settlement Agreement, the Notice was mailed via First Class Mail to members of the Settlement Class. The Court finds that the Notice's form, content, and method for notifying the Settlement Class of the terms of the proposed settlement complies with the Preliminary Approval Order, meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and all due process requirements, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to notice. The Court further finds that the Settlement Administrator has complied with the Preliminary Approval Order and with the requirements of and procedures under the Settlement Agreement for distribution of the Notice to the Settlement Class.

8. **Notice Under CAFA**. On behalf of Defendants, the Settlement Administrator served notices of the proposed settlement on the United States Attorney General and Attorneys General for the States in which Settlement Class Members reside pursuant to the Class Action Fairness Act ("CAFA") of 2005, 28 U.S.C. § 1715. The Court finds that the Claims Administrator's notification to these appropriate state and federal officials of the proposed settlement fully complies with the requirements of CAFA.

9. **Exclusions.** Members of the Settlement Class were notified in the Notice of the proposed class action settlement and of their opportunity to request to be excluded from, or to opt out of, the Settlement Class. No individuals submitted written exclusion requests to the Settlement Administrator.

10. **Objections to Settlement**. Members of the Settlement Class were also notified in the Notice of their opportunity to object to the proposed settlement by filing written objections with the Court. No individuals submitted written objections or appeared at the Final Fairness Hearing to object.

11. **Final Approval of Settlement and Settlement Agreement**. The Court grants final approval of the settlement and the Settlement Agreement submitted with the Plaintiffs' Motion for Preliminary Approval. The Court finds that settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate and that the settlement is, in all respects, in the best interests of the Settlement Class. Specifically, the Court finds that: (a) the Class Representatives and Class Counsel have adequately represented the Settlement Class; (b) the proposed settlement was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, taking into account the costs, risks, and delay of trial and appeal, the effectiveness of the proposed method of distributing relief to the Settlement Class, and the terms of the award of attorney's fees; and (d) the proposal treats members of the Settlement Class equitably relative to each other. The Court

further finds that the six key points identified by the Fifth Circuit Court of Appeals in *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) each weigh in favor of granting final approval of the settlement and Settlement Agreement, as discussed in Plaintiffs' Motion for Preliminary Approval and the Preliminary Approval Order. The Parties and the Settlement Administrator are therefore **ORDERED** to consummate the settlement in accordance with the Settlement Agreement's terms and provisions.

12. **Payment to Settlement Class**. After deducting from the Settlement Amount the reasonable Costs of Administration and the Attorneys' Fees and Expenses awarded by the Court, and reducing the Settlement Amount proportionally for each member of the Settlement Class that validly requested exclusion (as defined in Paragraph 10(h) of the Settlement Agreement), the remainder of the Settlement Amount shall be distributed to members of the Settlement Class whom have not requested exclusion, subject to appropriate Withholdings and Taxes, as provided for in Paragraph 4 of the Settlement Agreement. The Settlement Administrator shall: perform the calculations to determine the payment due to each member of the Settlement Class and any amounts to be withheld and/or remitted to the appropriate taxing authority; mail settlement checks to Settlement Class Members at their last known addresses within 30 days of this Order; and provide and submit the reporting needed for the Withholdings and Taxes.

13. **Attorneys' Fees to Class Counsel**. Class Counsel has applied for an award of attorneys' fees and expenses incurred in this Action in the amount of $308,515.89 . Class Counsel's request for attorney's fees and expenses is **GRANTED**. The Court awards $308,515.89 to Class Counsel for attorneys' fees and expenses incurred in this Action. In accordance with the terms of the Settlement Agreement, the Claims Administrator shall make this payment to Class Counsel within 30 days of this Order.

14. **Costs of Administration**. The Court approved the use of Kroll, LLC as the Settlement Administrator and directed it to accomplish all of the settlement administration matters set forth in the Settlement Agreement. The Court hereby approves payment to the Settlement Administrator of the Costs of Administration reasonably incurred by the Settlement Administrator in accomplishing those tasks. In accordance with the Settlement Agreement, Costs of Administration shall be paid exclusively from the Settlement Amount. It is expected that the reasonable Costs of Administration will be approximately $15,000. If the Costs of Administration exceed $15,000, those additional costs shall be paid first from any settlement checks that are not cashed by Settlement Class Members within 90 days of their issuance. If the Costs of Administration exceed the amount remaining from uncashed checks, those additional costs shall be paid by Class Counsel from the amount awarded for Attorneys' Fees and Expenses. Defendants shall have no responsibility for any such additional Costs of Administration.

15. **Release of Claims by Class Representatives and Settlement Class Members**. By virtue of the Settlement Agreement and this Final Approval Order and Judgment, each member of the Settlement Class who did not validly request exclusion, on behalf of themselves and all of their present, former, and future heirs, guardians, assigns, executors, administrators, representatives, agents, attorneys, partners, legatees, predecessors, and/or successors, and in conjunction with Court approval of the settlement pursuant to Fed. R. Civ. P. 23(e), have completely remised, released, relinquished, held harmless, acquitted, and forever discharged the Released Parties (as defined in Paragraph 2(y) of the Settlement Agreement) of and from, and shall be permanently enjoined from pursuing, the Released Claims (as defined in Paragraph 2(x) of the Settlement Agreement), including during the pendency of any appeal from this Final Approval Order and Judgment.

16. **Dismissal of Action**. The Court dismisses with prejudice this Action, without fees or costs to any party except as provided in the Settlement Agreement.

17. **Binding Effect of Settlement Agreement and Final Approval Order**. The Settlement Agreement and this Final Approval Order and Judgment are binding on Plaintiffs and on all Settlement Class Members who did not validly request exclusion, and their respective heirs, administrators, executors, representatives, trustees, successors, and assigns, and shall inure to the benefit of Defendants and the other Released Parties, as well as to their respective, heirs, administrators, representatives, trustees, successors, and assigns.

18. **No Admissions**. Neither this Final Approval Order and Judgment nor the settlement, nor any other document referred to herein, nor any action taken to carry out this Final Approval Order and Judgment is, may be construed as, or may be used as an admission or concession by or against Defendants or the Released Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing or liability whatsoever. Defendants continue to deny that the Action meets the requisites for class certification under Federal Rule of Civil Procedure 23 for any purpose other than settlement. Entering into or carrying out the settlement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Defendants' denials or defenses and shall not be offered or received in evidence in any action or other tribunal for any purpose whatsoever, except as evidence to enforce the provisions of this Final Approval Order and Judgment and the Settlement Agreement; provided, however, that this Final Approval Order and Judgment and the Settlement Agreement may be filed in any action brought against or by Defendants or the Released Parties to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

19. **Jurisdiction.** Without affecting the finality of the Final Approval Order in any way, the Court retains jurisdiction of matters relating to the Final Approval Order and the administration, interpretation, consummation, and enforcement of the Settlement Agreement. This Court shall maintain continuing exclusive jurisdiction over these settlement proceedings to consider all further applications arising out of or connected with the settlement or this Final Approval Order, and to assure the effectuation of the settlement for the benefit of the Settlement Class.

**IT IS SO ORDERED this 17th day of February 2022.**

*/s/ Jason Pulliam*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**